UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANTHONY PERRI,

            Plaintiff,

         -against-

MICHAEL A. CARDOZO, ESQ, Corporation Counsel
of the City of New York; MURIEL-GOODE
TRUFANT, ESQ, Chief of Special Federal Litigation,
CCCNY; HONORABLE MICHAEL R.
BLOOMBERG, Mayor of the City of New York; MR.
RAYMOND KELLY, Commissioner of the New York
City Police Department; HONORABLE EDWARD R.
KORMAN, Chief Judge, U.S.D.C., E.D.N.Y.;
EUGENE CORCORAN, Chief Federal Marshall,
United States District Court, Eastern District of New
York; ROBERT C. HEINEMAN, Clerk of the Court,
United States District Court, Eastern District of New
York; LATKA-MUCHA WEISLAWA, Docket Clerk,
U.S.D.C., E.D.N.Y.; PRISCILLA BOWENS, Docket
Clerk, U.S.D.C., E.D.N.Y.; SONIA GALEANO,
Docket Clerk, U.S.D.C., E.D.N.Y.; HONORABLE
CAROL BAGLEY AMON, U.S. District Judge, United
States District Court, E.D.N.Y.; HONORABLE LOIS
BLOOM, U.S. Magistrate Judge, United States District
Court, E.D.N.Y.; MARY WEISGERVER, Clerk for
Magistrate Lois Bloom, U.S.D.C., E.D.N.Y.; MARY
O'FLYNN, ESQ., Senior Attorney, CCCNY; JOHANA
CASTRO, Assistant Corporation Counsel, CCCNY;
THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK; THE
CORPORATION COUNSEL OF THE CITY OF NEW
YORK; THE CITY OF NEW YORK; and THE NEW
YORK CITY POLICE DEPARTMENT,

            Defendants.
----------------------------------------------------------------x
ROSS, United States District Judge:

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**

06-CV-2846 (ARR)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★    SEP 2 5 2006    ★

P.M. _____
TIME A.M. _____

      Plaintiff Anthony Perri brings this *pro se* action pursuant to 42 U.S.C. § 1983 ("§1983").[1]

---

[1] Plaintiff filed the initial Complaint on June 1, 2006 and filed an Amended Complaint on July 17, 2006.

Plaintiff's request to proceed *in forma pauperis* is granted, solely for the purpose of this Order. However, for the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim on which relief may be granted.

## BACKGROUND

This is Plaintiff's second civil action commenced in the District Court for the Eastern District of New York ("E.D.N.Y."). On January 25, 2006, he filed an action against Mayor Michael Bloomberg and several members of the New York City Police Department ("N.Y.P.D."), alleging violations of his civil rights stemming from his arrest on October 11, 2003. See Perri v. Bloomberg, et. al., Docket No. 06 CV 0403 (CBA)(LB) (E.D.N.Y.). That case remains pending. Plaintiff's instant action attacks the handling of that case on two fronts.

First, Plaintiff alleges that the judges and clerks of the E.D.N.Y. and the United States Marshals Service have violated his rights pursuant to the First, Fifth, and Fourteenth Amendments. Petitioner claims that his court filings and mail have been delayed by a few days (Amended Complaint at 15, 16, 17), that his requests for "courtesy copies" of documents were denied (Id. at 7, 15), that the Marshals Service was allowed "to jerk the service around in this case, and then they did not follow through with complaints to the Magistrate" (Id. at 11), that his court file is incomplete (Id. at 15), that "John Doe" in the caption was misspelled as "John Roe" (Id. at 7, 16), that the Clerk's Office is racially segregated and understaffed (Id. at 10, 15), that clerks are underpaid (Id. at 10), that there are insufficient computers for public use in the library (Id.), and that the assignment of "one hundred percent females" to his case "lends it'self [sic] to abuse." (Id. at 22.). Plaintiff also claims that court clerks have given him false information and have revealed his litigation strategy to Corporation Counsel, "and the perfect example of this is

the defendents [sic] answer to the complaint of 5/12/06." (Id. at 8, 15.)

Second, Plaintiff alleges that the Mayor, Police Commissioner, and Corporation Counsel of the City of New York have retaliated against him for filing his prior lawsuit. Plaintiff claims that Corporation Counsel used the N.Y.P.D. to investigate, harass and intimidate him and influenced the Clerks Office in the E.D.N.Y. to harass and impede his efforts to litigate his case. (Id. at 7.) He further alleges that Police Commissioner Raymond Kelly failed to properly supervise his officers, that "three uniformed officers driving a green unmarked Chevy Lumina followed the plaintiff everywhere" (Id. at 10), and that one of the named defendants in his prior case, Police Officer Susan Gross-Saviano, drove up next to him and stared at him for 15 minutes (Affidavit attached to the Amended Complaint at 6).

Plaintiff seeks declaratory relief, injunctive relief, and monetary damages.

## DISCUSSION

### A. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Plaintiff alleges that Defendants' actions violated his civil rights under 42 U.S.C. § 1983

3

("§ 1983"). In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of *state* law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Actions bringing constitutional claims against federal agents may be brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which permits recovery for some constitutional violations by federal agents, even in the absence of a statute conferring such a right. Carlson v. Green, 446 U.S. 14, 18 (1980). However, as with § 1983 actions, a plaintiff's Bivens claims must be brought against the individual officials, not against the agencies where they are employed. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 486 (1994) (Refusing to extend Bivens to imply a cause of action against the federal government or its agencies).

## B. Plaintiff's Dissatisfaction with His Pending Case

The instant case, Perri v. Cardozo, et. al., is improperly brought before this Court, as it exclusively concerns his previously filed case, Perri v. Bloomberg, et. al. Plaintiff's displeasure with the procedural steps in his prior action should more properly be raised in that case. In dismissing the second action, Perri v. Cardozo, et. al., this Court is mindful that Plaintiff is not without a remedy to address his concerns in Perri v. Bloomberg, et. al. He may take any remaining issues regarding the Corporation Counsel's conduct, the service of process, or errors in docketing to the judges handling that case, as only they may direct relief.

The claims against the United States District Court and the United States Marshals

4

Service must be dismissed, because they are federal agencies and are not persons under Bivens or § 1983.

All of Plaintiff's claims against judicial officers acting in their judicial capacities must also be dismissed, as judges are entitled to absolute immunity from suit. See Mireles v. Waco, 502 U.S. 9, 11 (1991). Absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process." Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). Plaintiff's allegations against the Honorable Carol Bagley Amon and the Honorable Lois Bloom arise out of the preliminary orders each issued in the previously filed case, clearly judicial acts performed within their judicial capacities. To the extent that law clerk Mary Weisgerver [sic] and court clerks Latka-Mucha Weislawa [sic], Priscilla Bowens, and Sonia Galeano were acting pursuant to the direction of a judicial officer or in accordance with the terms of the Local Rules of the E.D.N.Y., these actions constitute an integral part of the judicial process and thus these defendants are shielded from liability by absolute judicial immunity.

In any case, none of Plaintiff's conclusory allegations, if true, would rise to the level of a constitutional deprivation. Accordingly, Plaintiff has failed to state a claim for deprivation of constitutional rights.

## C. Retaliation Claims Against City Defendants

Plaintiff's claims against the N.Y.P.D. and the Office of the Corporation Counsel of the City of New York must be dismissed, because each of these Defendants is an agency of the City of New York, and cannot be sued independently under 42 U.S.C. § 1983. See Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456 (S.D.N.Y. 2006). Plaintiff also

names the City of New York ("the City"), which can be sued independently, but only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).

Plaintiff alleges that the City, through Corporation Counsel Michael A. Cardozo, has created a policy or custom of retaliating against litigants who bring civil rights complaints against the City. (Amended Complaint at 6-7, 8.) Plaintiff also sues several City officials who are alleged to have violated his rights or failed to properly supervise individuals under their authority. This Court need not consider whether the City is subject to Monell liability in this case or whether the Mayor, the Police Commissioner, or the Corporation Counsel can be held liable for the actions of individuals under their authority, as Plaintiff has failed to show any violation of his constitutional rights sufficient to state a claim under § 1983.

The initiation of a lawsuit is a constitutionally protected activity under the First Amendment. Doughterty v. Town of N. Hempstead Bd. of Zoning Apps., 282 F.3d 83, 91 (2d Cir. 2002). However, not every stressful or unpleasant situation is an adverse action for constitutional purposes. "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." Dawes, 239 F.3d at 493. Moreover, the allegations must be "supported by specific and detailed factual allegations." Flaherty v. Coughlin, 713 F.2d 10 (2d Cir. 1983) ("[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.").

None of the alleged acts committed by Defendants, if true, constitutes an "adverse action" that would be likely to have an actual deterrent effect on Plaintiff's exercise of his First

Amendment rights. See Dawes, 239 F.3d at 493 (2d Cir. 2001) ("Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection"). Nor has Plaintiff sufficiently alleged facts from which a retaliatory intent might be inferred. See Gagliardi v. Village of Pawling, 18 F.3d 188, 195 (2d Cir. 1995).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's application for the appointment of counsel is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
September 20, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANTHONY PERRI,

                        Plaintiff,

-against-

MICHAEL A. CARDOZO, ESQ, Corporation Counsel
of the City of New York; MURIEL-GOODE
TRUFANT, ESQ, Chief of Special Federal Litigation,
CCCNY ; HONORABLE MICHAEL R.
BLOOMBERG, Mayor of the City of New York; MR.
RAYMOND KELLY, Commissioner of the New York
City Police Department; HONORABLE EDWARD R.
KORMAN, Chief Judge, U.S.D.C., E.D.N.Y.;
EUGENE CORCORAN, Chief Federal Marshall,
United States District Court, Eastern District of New
York; ROBERT C. HEINEMAN, Clerk of the Court,
United States District Court, Eastern District of New
York; LATKA-MUCHA WEISLAWA, Docket Clerk,
U.S.D.C., E.D.N.Y.; PRISCILLA BOWENS, Docket
Clerk, U.S.D.C., E.D.N.Y.;SONIA GALEANO, Docket
Clerk, U.S.D.C., E.D.N.Y.; HONORABLE CAROL
BAGLEY AMON, U.S. District Judge, United States
District Court, E.D.N.Y.; HONORABLE LOIS
BLOOM, U.S. Magistrate Judge, United States District
Court, E.D.N.Y.; MARY WEISGERVER, Clerk for
Magistrate Lois Bloom, U.S.D.C., E.D.N.Y.; MARY
O'FLYNN, ESQ., Senior Attorney, CCCNY; JOHANA
CASTRO, Assistant Corporation Counsel, CCCNY;
THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK; THE
CORPORATION COUNSEL OF THE CITY OF NEW
YORK; THE CITY OF NEW YORK; and THE NEW
YORK CITY POLICE DEPARTMENT,

                        Defendants.

**CIVIL JUDGMENT**

06-CV-2846 (ARR)

------------------------------------------------------------------x

     Pursuant to the memorandum and order issued _September 20, 2006_ by the

Honorable Allyne R. Ross, United States District Judge, dismissing this action, it is

**ORDERED, ADJUDGED AND DECREED**: That the above-entitled civil action is hereby dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
September 20, 2006